UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

**NOTICE OF MOTION**

V.

Case No. 20-mj-1010

BRANDON KIDDER

Defendant

_____

       PLEASE TAKE NOTICE that upon the annexed motion, declarations of Michael R. Zosh, Esq, and upon all prior proceedings, the Defendant, BRANDON KIDDER, by his attorney Michael R. Zosh, Esq. will move this Court before Hon. Jeremiah J. McCarthy, United States Magistrate Judge for the Western District of New York sitting at the Robert H. Jackson United States Courthouse 2 Niagara Square Buffalo New York on April 30, 2020 or as soon as the Court will allow Counsel to be heard, for an Order releasing the Defendant, BRANDON KIDDER, from pre-trial detention.

Dated:  April 24, 2020
Darien Center, NY

                                    Michael R. Zosh, Esq.
                                    Attorney for Brandon Kidder
                                    12364 Main Road
                                    Akron, NY 14001
                                    (716) 542-5413

To:  Caitlin M. Higgins
Assistant United States Attorney
US Attorney's Office, WDNY
138 Delaware Ave.
Buffalo, NY 14202
(716) 843-5818 (Office)
(716) 551-5563 (Fax)
caitlin.higgins@usdoj.gov

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

────────────────────────────────

UNITED STATES OF AMERICA

**MOTION FOR RELEASE
FROM PRE-TRIAL DETEN-
TION**

**V.**

Case No. 20-mj-1010

BRANDON KIDDER

Defendant

────────────────────────────────

PLEASE TAKE NOTICE that upon the Criminal Complaint, attached declaration, and upon all

prior proceedings in this case Defendant, BRANDON KIDDER, by his attorney Michael R. Zosh, Esq.

moves this Court for an Order:

1.   Releasing the Defendant, BRANDON KIDDER, from pre-trial detention.

2.   In prior proceedings that Court signed an Order directing the Government to:

**"ORDERED**, that pursuant to 18 U.S.C. § 4247(b) the defendant, BRANDON KIDDER, shall

be committed to the custody of the Attorney General for the purpose of examination, pursuant to 18

U.S.C. §§ 4241 and 4242, at a suitable facility for such reasonable period not to exceed forty-five (45)

days as may be necessary to conduct such an examination; and it is further"

3.   As of this date this has not occurred pursuant to an email I received today from David Starke

   Investigative Analyst US Marshals Service at 9:49 am 4/24/20:

   "He is still at NE Ohio Correctional Center awaiting movement to his designation for evalua-

   tion. I have no timeframe as to when that will happen due to COVID-19 restrictions"

3

4.   As of 11:47 am April 24, 2020 he now is being sent out for his evaluation Tuesday April 28, 2020.   After said evaluation and pending trial in this action he should be released to his mother Darlene Kidder with conditions.

5.   Mr. Kidder suffers from a mitral valve prolapse that is a condition of the heart that causes a heart murmur.   "MVP occurs when the leaflets of the mitralv valve bulge into the hearts left upper chamber (left atrium) like a parachute contraction."   Mayoclinic.org.

6.   COVID-19 pandemic is deadly to individuals with pre-existing conditions such as defendant, Brandon Kidder.

7.   The defendant, Brandon Kidder would be safer if released from pre-trial detention.

8.   The family will ensure that the defendant makes all scheduled report dates with the pretrial services agency.   See 18 USC 3142 (c)(vii).

9.   The family will ensure that the defendant strictly adheres to a curfew as set by the Court. See 18 USC 3142 (c)(vi).

10.   The family has removed all firearms and the defendant will not have any access to firearm, destructive device or any other dangerous weapon.   See 18 USC 3142 (c)(vi).

11.   The family will ensure that the defendant strictly to all medical and mental health appointments/treatment.   See 18 USC 3142 (c)(x).

12.   The family will ensure that the defendant refrains from alcohol and drugs.   See 18 USC 3142 (c)(ix).

13.   The defendant would consent to electronic monitoring.   See 18 USC 3142 (c)(xiv).

14.   The United States has been hit by this pandemic for COVID 19 which creates a change in circumstances from when the Court initially determined that pre-trial dentition was appropriate.

4

15.     The Court has a compelling reason, the health and welfare of the defendant, Brandon

Kidder to allow his release with conditions as set forth below:

      a.  Reside at 1321 Sandridge Road Alden NY.
      b.  Stay sheltered in place at that address except medical appointments and legal/court proceedings.
      c.  No internet capabilities
      d.  No visitors except his mother Darlene Kidder, his brother Jeremey Kidder or his father Larry Kidder.
      e.  Where an ankle bracelet electronic tracking device
      f.  For all appointments to leave the residence pre-approval with pre-trial services except for emergency medical.


DATED:  Darien Center, New York
           April 24, 2020

                     Michael R. Zosh, Esq.
                     Nicholas, Perot, Smith, Bernhardt & Zosh, P.C.
                     Attorneys for Plaintiff(s)
                     12364 Main Road / P.O. Box 176
                     Akron, New York l4001
                     (7l6) 542-5413

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

UNITED STATES OF AMERICA

V.

BRANDON KIDDER

Defendant

───────────────────────────────────

**DECLARATION IN SUPORT OF
MOTION TO RELEASE**


Case No. 20-mj-1010


I Michael R. Zosh, Esq. authorized to appear in the United States District Court Western District of New York and have been retained to represent the Defendant, Brandon Kidder, in the criminal matter now before the Court. I, Michael R. Zosh, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. 1746 that:

1.      I am requesting the Defendants release based on the COVID 19 pandemic.

2.      I have been in constant contact with the family of the Defendant to get in place a workable care plan if the Defendant is released from detention.

3.      Please review the previously filed affidavits of the defendant's mother, Darlene Kidder and the defendant's father, Larry S. Kidder.

4.      The family has a care plan in place to protect the defendant, community and will assure that the Defendant is brought to court for every proceeding. See 18 USC 3142 (c)(i).

5.      With the assurances from the family it is clear that the Defendant will be supervised 24-7 and access to medical and mental health treatment that the Defendant is desperately in need of. He is not a risk of flight and the Court can be assured of his attendance at all proceedings.

6

6.      The family has taken the steps to eliminate all electronic devices and internet access as set forth in the attached affidavits.  The defendant has no passport, vehicle or other transportation available other than the family members.  The family will ensure that the defendant will abide by specified restrictions on personal associations, place of abode or travel.  See 18 USC 3142 (c)(iv).

7.      The family will ensure that the defendant makes all scheduled report dates with the pre-trial services agency.   See 18 USC 3142 (c)(vii).

8.      The family will ensure that the defendant strictly adheres to a curfew as set by the Court. See 18 USC 3142 (c)(vi).

9.      The family has removed all firearms and the defendant will not have any access to fire-arm, destructive device or any other dangerous weapon.  See 18 USC 3142 (c)(vi).

10.     The family will ensure that the defendant strictly to all medical and mental health ap-pointments/treatment.   See 18 USC 3142 (c)(x).

11.     The family will ensure that the defendant refrains from alcohol and drugs.  See 18 USC 3142 (c)(ix).

12.     If the Court deems it necessary the defendant would consent to electronic monitoring. See 18 USC 3142 (c)(xiv).

13. The defendant, Brandon Kidder would be safer if released from pre-trial detention.

14. During a telephonic interview today with Darlene Kidder (mother of Brandon) he has suf-fered from a mitral valve prolapse.  This is a condition of the heart that causes a heart mur-mur since 12 years old.

15. According to Ms. Kidder's conversations with Brandon, he has been taken off of his schizo-phrenia medication "Zyprexa" by a psychiatrist that Brandon spoke to while in Northeast

7

Ohio Correctional Center.  He is currently unmedicated for his schizophrenia.  Also, has had

two EKGs while in jail from anxiety attacks.

16. The defendant, Brandon Kidder, is at high risk of death if he contacts Covid-19, due to his

heart condition and that schizophrenia.

17. We're asking the Court to consider the health and welfare of the Defendant and release him

from this dangerous and unprecedented pandemic breading ground of a jail setting.

18. According to news reports the Ohio prison populations is at a heighten risk and estimated

three times higher than that of non-prisoner settings.  In a report by Ohio news media there is

a very high infection rate for prisoners in Ohio where the Defendant is being detained.

19. We are requesting that Brandon Kidder be released to the custody of his Mother Darlene

Kidder, with conditions.  These conditions will ensure the defendant's appearance in Court,

the safety of the community as well as the defendant himself from contracting COVID 19.

His conditions of release should be:

    a. Reside at 1321 Sandridge Road Alden NY.
    b. Stay sheltered in place at that address except medical appointments and legal/court proceedings.
    c. No internet capabilities
    d. No visitors except his mother Darlene Kidder, his brother Jeremey Kidder or his father Larry Kidder.
    e. Where an ankle bracelet electronic tracking device
    f. For all appointments to leave the residence pre-approval with pre-trial services except for emergency medical.

**Conclusion:** The defendant respectfully requests to be release with conditions or combination of

conditions pending trial of this matter.


DATED:  Darien Center, New York
          April 24, 2020

8

_____
Michael R. Zosh, Esq.
Nicholas, Perot, Smith, Bernhardt & Zosh, P.C.
Attorneys for Plaintiff(s)
12364 Main Road / P.O. Box 176
Akron, New York 14001
(716) 542-5413